## Capital Bank and Trust Company Tax Case.

Argued May 27, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*R. Dixon Herman,* County Solicitor, for appellant.

*Arthur H. Hull,* with him *Hull, Leiby & Metzger,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 28, 1954:

The Capital Bank and Trust Company appealed to the Court of Common Pleas of Dauphin County from a decision of the Board of Assessment and Revision of Taxes of that County upholding the assessment and collection of a personal property tax. The court sustained the appeal and entered final judgment in favor of the Trust Company and against the County in the sum of $8,389.66, the amount of the tax. The County appeals therefrom.

The findings of fact of the court below, based on a stipulation entered into by the parties, are not in dispute. On December 30, 1944 the Trust Company paid under protest a personal property tax in the amount of

$8,389.66, levied by the County of Dauphin under the Act of June 17, 1913, P. L. 507, 72 PS §4821, on personal property held by it and valued as of January 3, 1944, alleging that this was the second personal property tax levied by the County in 1944 and therefore invalid. On August 29, 1944 the Trust Company had paid a tax in the amount of $8,389.68, based upon a return made before February, 1944 and, as required, on valuations as of December 31, 1943. It was given a receipt "For taxable personal property owned on December 31, 1943". Although the latter tax was based on valuations as of December 31, 1943, we think it sufficiently clear, as the court below found, that it was levied for the year 1944, and therefore the second tax paid by the Trust Company under protest was an invalid second levy of a tax that could only be imposed *annually* as provided by the Act of 1913. A tax was imposed and collected by the County for the year 1945, so that neither of the two taxes levied in 1944 was applicable to 1945. It appears and is not denied that the County assessed 32 personal property taxes, beginning with 1914 (the first year the tax could be imposed under the Act of 1913) up to and including 1944, whereas it was only authorized to make 31 annual levies over this period.

The County admits that at sometime between 1914 and 1945 two levies were made in one year, but suggests that this occurred sometime in the past and that the duplication does not arise out of the two assessments and collections made in 1944. More specifically it is claimed that the tax first imposed upon the return made by the Trust Company on valuations as of December 31, 1943 and paid by it on August 29, 1944, covered the year 1943. This contention is based upon language appearing in the form of return for that year supplied to the taxables. While there are some variations and inconsistencies in the return forms for 1943

and earlier years, it amply appears, as found by the court below, that up to and including the levy made in 1943 no duplicate levy occurred. The several annual reports of the County Controller of Dauphin County filed in the office of the Prothonotary, none of which were appealed from, set forth, inter alia, the amount of personal property tax as levied by the County for the year 1914 and for each and every succeeding year thereafter, up to and including the year 1943. These reports further show that but one levy was made in each of the aforesaid years; that levy No. 1 was for the year 1914 and levy No. 30 was for the year 1943. On the other hand, the County Controller's annual report covering the year 1944 indicates two levies in that year, as does also the County's annual budget and charge orders given by the County Commissioners to the tax collector.

The Act of 1913 provides that no tax imposed by the Act ". . . shall be collectible or collected for the year one thousand nine hundred and thirteen. . .", and therefore permitted the first imposition to be made in 1914. Nothing contained in the Act prevented assessment of the tax on valuation of property held in 1913. Indeed the imposition of the tax for each taxable year predicated upon valuations of the preceding year was the customary practice in Dauphin and other counties, and was judicially recognized: See *Voltz v. The County of Erie*, 81 Pa. Superior Ct. 467; *Courlaender's Estate*, 143 Pa. Superior Ct. 475, 18 A. 2d 494.

The imposition of the second tax by the County in 1944 was apparently due to an interpretation by the Common Pleas Court of Cumberland County of The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.101 et seq., to the effect that the personal property tax must be based on returns, valuations and assessments made as of a date in the

calendar year for which the tax is levied and collected. However, the opinion of the Cumberland County Court did not refer to or consider Section 105 of the Act of 1943, 72 PS §5453.105 which provided: "This act does not include any provisions and shall not be construed to repeal" the Act of 1913 or any of its amendments. The personal property tax imposed by the Act of 1913 is a tax imposed by the State and the counties do not act as an independent taxing district. In *Fidelity-Philadelphia Trust Company's Appeal,* 337 Pa. 34, 10 A. 2d 547, this Court said at p. 38: "We may repeat that the tax is imposed by the state on specified property and for county purposes. The statute does not authorize the counties to levy taxes on property to be designated by them and at rates to be fixed by them. They do not act as an independent taxing district. The history of the personal property tax shows that originally the state received all of the tax and that the counties were mere collection agencies for the state. Later, part of the tax was returned by the state to the counties in which it had been collected. Finally, they were allowed to retain it all.". The Act of 1943 did not impose the personal property tax nor supplement or amend in any way the Act of 1913.

The Act of 1913 was amended by the Act of July 3, 1947, P. L. 1249, 72 PS §4843.2, so as to provide by the addition of Section 4.2: "The board of revision of taxes, or the county commissioners, shall fix a day as of which the property taxable by the first section of this act shall be listed and returned. The day so fixed shall be between the first and fifteenth days of the month of January, both inclusive, . . .". But prior to this amendment no spot date for the listing and valuing of securities was specified and it was not required that the levy be based upon property owned and valued in the year that the tax was levied. We are satisfied that the court

below correctly held that the County assessed and collected two personal property taxes for the year 1944, and that the second levy was invalid.

Judgment affirmed.